GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS JR., SBN 132099
  tboutrous@gibsondunn.com
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
BLAINE H. EVANSON, SBN 254338
  bevanson@gibsondunn.com
HEATHER RICHARDSON, SBN 246517
  hrichardson@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

Attorneys for UBER TECHNOLOGIES, INC., UBER USA, LLC, RASIER, LLC, and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| BENJAMIN VALDEZ, HECTOR CASTELLANOS, WORKSAFE, AND CHINESE PROGRESSIVE ASSOCIATION,<br><br>            Plaintiffs,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., a Delaware corporation; UBER USA, LLC, a Delaware limited liability company; RASIER, LLC, a Delaware limited liability company; and RASIER-CA, LLC, a Delaware limited liability company,<br><br>            Defendants. | CASE NO.  3:20-cv-07496<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CLASS ACTION**<br><br>[Removal from the Superior Court of California, County of San Francisco, Case No. CGC-20-587266] |

**TO THE CLERK OF THE ABOVE-TITLED COURT AND TO PLAINTIFFS BENJAMIN VALDEZ, HECTOR CASTELLANOS, WORKSAFE, AND CHINESE PROGRESSIVE ASSOCIATION AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, and in accordance with 28 U.S.C. §§ 1331, 1332, 1367, and 1711, Defendants Uber Technologies, Inc., Uber USA, LLC, Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") hereby remove this action—with reservation of all defenses and rights—from the Superior Court of the State of California for the County of San Francisco, Case No. CGC-20-587266, to the United States District Court for the Northern District of California, San Francisco Division. Removal is proper on the following grounds.

## I. TIMELINESS OF REMOVAL

1. Plaintiffs filed a complaint on behalf of a putative class against Defendants on October 22, 2020, in San Francisco County Superior Court. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Docket Sheet, Complaint, Civil Cover Sheet, and Notice to Plaintiff are attached as Exhibits A–D to the Declaration of Theane Evangelis ("Evangelis Decl.") filed concurrently herewith.

2. Plaintiffs have not yet formally served Uber with a summons or the Complaint. *Id.* ¶ 6. This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days after the Complaint was received by Uber. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1).

## II. SUMMARY OF PLAINTIFFS' ALLEGATIONS AND GROUNDS FOR REMOVAL

3. Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this action and all claims asserted against Defendants pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

4. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This case is a putative "class action" under CAFA because it was brought under a state statute or rule, namely California Labor Code of Civil Procedure § 382, authorizing an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Compl. ¶¶ 116–22.

5. Plaintiffs allege in the Complaint that they "bring this action on behalf of themselves and a class [of] … [a]ll individuals who have registered as drivers with Uber and have used the Uber

driver app in the State of California from the date Uber began placing Proposition 22 advertising on the driver app to the present." Compl. ¶ 117.

6.  Plaintiffs' Complaint asserts that drivers in California who use the Uber apps have been misclassified as independent contractors rather than employees, Compl. ¶¶ 4, 78–115, and allege violations of California Labor Code §§ 1101 and 1102, claims under California's Unfair Competition Law ("UCL"), Business and Professions Code § 17200 *et seq.*, and "notice of" another potential cause of action under California's Private Attorneys General Act ("PAGA"), Labor Code § 1698 *et seq.* Compl. ¶¶ 124–47.

7.  Plaintiffs allege that the challenged conduct is "oppressive" and "substantially injurious to the drivers," Compl. ¶ 146, and claim that "Plaintiffs Worksafe and CPA have suffered economic injury as a result of Uber's conduct as alleged herein, because they have been required to devote the time and resources of their paid staff members to respond to" the challenged conduct, Compl. ¶ 143.

8.  Plaintiffs seek declaratory relief; temporary, preliminary, and permanent injunctive relief; attorneys' fees and costs; and "such other and further relief as may be available as part of the statutory claims asserted herein or otherwise as may be deemed necessary or appropriate for any of the claims asserted." Compl. at 41–42.

9.  Under CAFA, federal courts have original jurisdiction over class actions where the amount in controversy exceeds $5 million in the aggregate for the entire class, exclusive of interest and costs; the putative class action contains at least 100 members; and any member of the putative class is a citizen of a state different from that of any defendant. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

10. Defendants deny any liability as to Plaintiffs' individual claims and as to the claims of the putative class members. Defendants expressly reserve all of its rights, including, but not limited to, their right to file motions to compel arbitration and motions challenging the pleadings. However, for purposes of meeting the jurisdictional requirements for removal *only*, Defendants submit on a good-faith basis that this action satisfies all requirements for federal jurisdiction under CAFA because, as set forth below, the allegations in the Complaint identify a putative class of more than 100 members, establish the minimum diversity of citizenship required under CAFA, and put in controversy more than

$5 million in the aggregate for the entire class, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), and (d)(6).

**A. The Putative Class Consists Of More Than 100 Members**

11.     Plaintiffs' proposed class encompasses "all individuals who have registered as drivers with Uber and have used the Uber driver app in the State of California from the date Uber began placing Proposition 22 advertising on the driver app to the present." Compl. ¶ 117. Plaintiffs challenge conduct that allegedly began "in or around August 2020." *Id.* ¶¶ 37, 44. Uber has a good-faith basis to believe, and on that basis avers, that more than 70,000 people who are registered with Uber in California as drivers logged in to Uber's Driver App between August 2020 and the present. *See* Declaration of Brad Rosenthal ¶ 5.[1] Accordingly, while Uber denies that class treatment is permissible or appropriate, based on the Complaint's allegations the proposed class plainly consists of more than 100 members.

**B. The Amount Placed in Controversy Exceeds $5 Million**

12.     Although Uber denies that Plaintiffs' claims have any merit and disputes that Plaintiffs are entitled to any of the relief sought in the Complaint, Uber avers, for the purposes of meeting the jurisdictional requirements for removal only, that the amount in controversy exceeds $5 million.

13.     Plaintiffs' allegations—if accepted—would place in excess of $5 million in controversy, exclusive of interest and costs. *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010) ("In determining the amount [in controversy], we first look to the complaint."). As demonstrated below, the $5 million threshold is easily met by considering only a subset of Plaintiffs' claims and damages theories.

14.     The amount in controversy in class actions requesting an injunction includes "the value of the requested injunctive relief to either party." *Int'l Padi, Inc. v. Diverlink*, 2005 WL 1635347, at *1 (9th Cir. July 13, 2005); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.") (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). Here, Plaintiffs allege that Uber and other companies have invested "close to

---

[1] The Notice of Removal "need not contain evidentiary submissions," and Uber reserves its right to submit additional evidentiary support in the event that Plaintiffs moves for remand. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014).

two hundred million dollars" in the campaign to pass Proposition 22, Compl. ¶¶ 4, 33, and they seek an injunction that would effectively shut down that campaign by enjoining Uber from disseminating information "about the consequences of Proposition 22" that Plaintiffs claim is "false or misleading," *id.* at 41. The value or cost of such an injunction to Uber alone easily exceeds $5 million.

15. Plaintiffs also claim that putative class members have incurred "damages and other harms" and have been "substantially injur[ed]," and they seek any damages that "may be available as part of the statutory claims." Compl. ¶¶ 123, 146 & 41–42; *see* Labor Code § 1105 (authorizing an "injured employee" to "recover[] damages from his employer for injury suffered through a violation of this chapter"). Uber denies that Plaintiffs or any putative class members have been injured or are entitled to damages of any kind. However, for the purposes of meeting the jurisdictional requirements for removal *only*, multiplying even a minimal statutory damages award by the 70,000 drivers in the putative class places in controversy an amount well in excess of $5 million.

16. Plaintiffs' request for attorneys' fees places additional money in controversy. Plaintiffs seek an "award of reasonable attorneys' fees and costs pursuant to Civil Code section 1021.5 and as otherwise allowed by law." Compl. at 42. Under Ninth Circuit precedent, the benchmark commonly used for the award of attorneys' fees is 25% of the common fund. *See Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1029 (9th Cir. 1998); *Jasso v. Money Mart Express, Inc.*, No. 11-CV-5500-YGR, 2012 WL 699465, at *7 (N.D. Cal. Mar. 1, 2012).

17. Uber denies that any such attorneys' fees are owed to Plaintiffs or the putative class and reserves the right to contest the application of any benchmark in this case. However, for purposes of this jurisdictional analysis *only*, Uber relies on Plaintiffs' allegations that attorneys' fees are owed. Applying the 25% benchmark to the allegations in the Complaint, Plaintiffs' request for attorneys' fees places at least an additional $1 million in controversy.

18. Uber reserves the right to show that Plaintiffs' other claims and damages theories also place more than $5 million in controversy, should Plaintiffs challenge this removal requirement in a motion to remand.

19. For the foregoing reasons, this action meets the jurisdictional minimum amount in controversy. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Dart Cherokee*, 574 U.S. at 89) ("'[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions."); *Lewis*, 627 F.3d at 401 (*citing Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)) ("[O]nce the proponent of federal jurisdiction has explained *plausibly* how the stakes exceed $5 million . . . *then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much*.") (emphases added).

**C. Minimal Diversity Exists Because The Putative Class Includes Non-California Citizens**

20. The minimum diversity of citizenship criterion under CAFA is met if a plaintiff or "any member" of the putative class "is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

21. Plaintiffs allege that they are residents of California and that all Defendants maintain their principal place of business in San Francisco, California. Compl. ¶¶ 3–5. Plaintiffs seek to represent a class of "all individuals who have registered as drivers with Uber and have used the Uber driver app in the State of California," without regard to citizenship. Compl. ¶ 117. Uber avers, for the purposes of removal only, that the putative class includes individuals who are citizens of other states.

22. Because the putative class purports to encompass anyone who worked in California, common sense dictates that the putative class includes people who are not citizens of California. *See Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1279 (9th Cir. 2017) (proposed class of "California merchants" included merchants that were not California citizens); *Brinkley v. Monterey Fin. Servs., Inc.*, 873 F.3d 1118, 1121 (9th Cir. 2017) (proposed class of people who made certain phone calls in California "[b]y its terms . . . includes individuals who were physically located in, but were not residents of, California"); *In re Sprint Nextel Corp.*, 593 F.3d 669, 673 (7th Cir. 2010) (proposed class of state "residents" includes temporary residents like "college students" who are citizens of "other states"); *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) (state "residents" are not state "citizens" under CAFA).

23. Uber avers, for purposes of removal, that some drivers who have used the Uber Rides app in California are not citizens of this State, including individuals who used the Driver App while residing in California and have since relocated to another state, as well as drivers who registered to use in the Driver App in California and have established citizenship in another state, but continue to use the Driver App in California while visiting on a temporary basis. *See* Rosenthal Decl. ¶ 4.

24. "Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant." *Broadway Grill*, 856 F.3d at 1276. "Since many [residents] are not citizens of California, th[is] requirement [is] met." *Id.*

25. Because Uber has met its "initial burden of establishing federal jurisdiction under § 1332(d)(2)," the action is removable. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007); 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

### III. THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

26. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

    (a) this is a civil action that is a class action within the meaning of § 1332(d)(1)(B);

    (b) this action involves a putative class of more than 100 persons as required by § 1332(d)(5)(B);

    (c) the amount in controversy exceeds $5 million, exclusive of interest and costs as required by § 1332(d)(2); and

    (d) a member of the putative class is a citizen of a state different from Defendants as required by § 1332(d)(2)(A).

27. Accordingly, removal of this action is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

28. The United States District Court for the Northern District of California, San Francisco Division, is the appropriate venue for removal pursuant to 28 U.S.C. §1441(a) because it embraces the

place where Plaintiffs originally filed the case, in the Superior Court of San Francisco County. *See* 28 U.S.C. § 84(c); 28 U.S.C. § 1441(a).

29. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders served upon Defendants are attached as Exhibits A–D to the Declaration of Theane Evangelis, filed concurrently herewith.

30. Upon filing the Notice of Removal, Defendants will furnish written notice to Plaintiffs' counsel, and will file and serve a copy of this Notice with the Clerk of the Superior Court of San Francisco County, pursuant to 28 U.S.C. § 1446(d).

31. WHEREFORE, Uber hereby removes to the Court the above action pending against it in the Superior Court of California, San Francisco County.

Dated:  October 25, 2020　　　　　　　　　GIBSON, DUNN & CRUTCHER LLP


By: _____*/s/ Theane Evangelis*_____
　　　　　Theane Evangelis

Attorneys for Defendants Uber Technologies, Inc., Uber USA, LLC, Rasier, LLC, and Rasier-CA, LLC