UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN VALDEZ, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>　　　　Defendants. | Case No. 20-cv-07496-JST<br><br>**ORDER REMANDING CASE TO STATE COURT**<br><br>Re: ECF No. 5 |

On October 22, 2020, Plaintiffs filed a putative class action against Defendants in San Francisco County Superior Court. *See* ECF No. 1-3 at 2-92 ("Compl."). Plaintiffs "requested immediate relief in [state court] under California Labor Code Sections 1101 and 1102" on the grounds that Uber was engaged in "coercive and unlawful conduct" in their communications with Uber drivers regarding their support of Proposition 22. ECF No. 5 at 2. On Sunday, October 25, 2020, Defendants filed a notice of removal, alleging subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). ECF No. 1 at 2. Plaintiffs filed a motion for a temporary restraining order, describing Defendants' notice of removal as "likely meritless." ECF No. 5 at 3.

This morning, the Court held a hearing to determine whether it should "sua sponte remand this case to state court for want of jurisdiction in light of the local controversy and home state exceptions to [CAFA]." ECF No. 11; *see also* 28 U.S.C. §§ 1332(d)(4)(A), 1332(d)(4)(B). At the hearing, Plaintiffs argued that the Court need not reach these exceptions because Defendants had not satisfied CAFA's $5 million amount in controversy requirement. The Court now agrees with Plaintiffs and finds that Defendants have failed to plausibly allege that the amount in controversy exceeds the jurisdictional threshold, and therefore does not determine whether these exceptions

apply.

Any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by a defendant to federal district court. 28 U.S.C. § 1441(a). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Because there is "a strong presumption against removal jurisdiction," the "defendant always has the burden of establishing that removal is proper." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus*, 980 F.2d at 566) (internal quotations marks omitted). "Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." *Richmond Essex, L.P. v. Williams*, No. 19-CV-01951-WHO, 2019 WL 1746071, at *1 (N.D. Cal. Apr. 18, 2019) (internal quotation marks and citations omitted).

CAFA provides that the federal "district courts shall have original jurisdiction" over a civil "class action" if the class has more than 100 members, the parties are minimally diverse, and the "matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2), (d)(5)(B). To "determine whether the matter in controversy" exceeds $5 million, "the claims of the individual class members shall be aggregated." § 1332(d)(6). Defendants allege that the amount placed in controversy here exceeds $5 million based on (1) "the value of the requested injunctive relief"; (2) the value of "even a minimal statutory damages award" multiplied "by the 70,000 drivers in the putative class"; and (3) "Plaintiffs' request for attorneys' fees." ECF No. 1 at 5.

First, the Court finds that the injunctive relief sought by plaintiffs would cause minimal, if any, cost to Uber. Defendants' description of Plaintiffs' complaint, both in their notice of removal and at the status hearing, does not accurately capture Plaintiffs' allegations. Plaintiffs do not "seek an injunction that would effectively shut down [Uber's campaign to pass Proposition 22] by enjoining Uber from disseminating information 'about the consequences of Proposition 22' that Plaintiffs claim is 'false or misleading.'" *Id.* In fact, Plaintiffs do not seek to enjoin Uber's public

1  campaign to pass Proposition 22 at all.  The only actions that Plaintiffs seek to enjoin Uber from
2  taking are: (1) using information gathered from drivers in response to Uber's Proposition 22
3  messaging "as a basis of favoring or disfavoring such employees with respect to employment,
4  work assignments, or other work related benefits or detriments" and (2) placing "false or
5  misleading statements about the consequences of Proposition 22 passing or failing on its driver
6  apps." ECF 1-3 at 43.  Plaintiffs also seek an injunction that would require Uber to inform each
7  California driver about, among other things, their right to engage or participate in politics.  *Id.* at
8  43-44.  Nothing in Plaintiffs' prayer for relief would affect Uber's broader campaign regarding
9  Proposition 22.  Defendants do not allege that there is any cost associated with refraining from
10 presenting certain messages to Uber drivers, not using any information it has already gathered, or
11 sending certain information to Uber drivers, and they cannot plausibly allege that any such cost
12 would exceed $5 million.

13         Second, the Court finds that there are no statutory damages in controversy because
14 Plaintiffs are not seeking that relief.  Defendants argue that Plaintiffs' complaint alleges that
15 "putative class members have incurred 'damages and other harms' and have been 'substantially
16 injur[ed],' and they seek any damages that 'may be available as part of the statutory claims.'
17 Compl. ¶¶ 123, 146 & 41–42; see Labor Code § 1105 (authorizing an 'injured employee' to
18 'recover[] damages from his employer for injury suffered through a violation of this chapter')."
19 ECF No. 1 at 5.  But Plaintiffs' complaint does not seek damages under Labor Code § 1105 or
20 otherwise.  Plaintiffs argue that they have been "injured through misleading representations and
21 through interference with their political freedom and autonomy," Compl. ¶ 146, and that "a class
22 action is superior to preserve Class members' claims who would otherwise forego litigation given
23 the burden and expense of individual prosecution of their claims, in comparison to the amount of
24 damages *or other harms* suffered by each individual Class member," Compl. ¶ 123 (emphasis
25 added), but they do not claim the right to monetary damages of any kind, *see* ECF 1-3 at 43-44
26 (Plaintiffs' prayer for relief).  At oral argument, Defendants argued that Plaintiffs' counsel could
27 not waive the class's claims for statutory damages, citing *Standard Fire Ins. Co. v. Knowles*, 568
28 U.S. 588 (2013).  However, in *Standard Fire Ins.* "the District Court found that the 'sum or value'

of the 'amount in controversy' would, in the absence of the [parties'] stipulation, have fallen just above the $5 million threshold.  Nonetheless, in light of [plaintiff's] stipulation, the court concluded that the amount fell beneath the threshold."  568 U.S. at 591 (citation omitted).  The Supreme Court held that the District Court erred in considering a stipulation that could not bind the rest of the class members.  *Id.* at 596.  This is not a case where Plaintiffs have attempted to stipulate down the amount of monetary damages they are actually claiming – because they are not claiming any.  Because there are no statutory damages in controversy, they cannot exceed $5 million.

Finally, Defendants do not suggest that Plaintiffs' attorney's fees alone would amount to $5 million.  *See* ECF No. 1 at 5 (alleging that "Plaintiffs' request for attorneys' fees places at least an additional $1 million in controversy").

For the foregoing reasons, the Court holds that Defendants have failed to allege that the amount placed in controversy exceeds the jurisdictional threshold.  Plaintiffs' complaint seeks declaratory and injunctive relief, as well as attorney's fees.  Defendants have failed to allege that the aggregate cost of this relief amounts to $5 million.

Because there is no federal jurisdiction, this case must be DISMISSED and REMANDED back to the San Francisco County Superior Court.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  October 27, 2020



JON S. TIGAR
United States District Judge

4